# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0313
Filed July 22, 2026

———————————

**Eric William Weeks,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Scott County,
The Honorable Tamra Roberts, Judge.

———————————

**AFFIRMED**

———————————

Matthew L. Noel of Noel Law Office, Dubuque, attorney for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Eric Weeks appeals the denial of his application for postconviction relief (PCR), which challenged his convictions for several sex offenses against a child. He argues that he received ineffective assistance from his trial counsel, who advised him not to testify in his own defense even though he could have rebutted the child victim's timeline about when the sexual abuse began. Upon our review, because advising Weeks not to testify was a reasonable trial strategy, which Weeks agreed to after consultation with trial counsel about his rights, we affirm.

## I. Background Facts and Proceedings.

In 2012, Weeks was arrested for sexually abusing a minor child. Ultimately, in 2013, the case went to trial and a jury convicted Weeks of two counts of second-degree sexual abuse, in violation of Iowa Code section 709.3(2) (2012), two counts of third-degree sexual abuse, in violation of section 709.4(2)(b), and two counts of lascivious acts with a child, in violation of section 709.8(1)–(2). Following his conviction, he pled guilty to several other sex offenses and solicitation to commit a non-forcible felony. Overall, Weeks was sentenced to a combination of concurrent and consecutive sentences resulting in imprisonment not to exceed sixty years, along with other imposed conditions.

Concerning his representation in the underlying criminal case, Weeks initially retained a private defense attorney but eventually requested court-appointed counsel. After that change, in the six to seven months before trial, Weeks claimed he talked to his trial counsel less than a dozen times and never discussed his trial strategy.

Prior to trial, Weeks stated that he was going to testify. But during the trial, it was learned that one of the jurors knew one of the witnesses, who Weeks had sexually abused. Trial counsel objected and asked for the juror to be removed, but the trial court overruled the objection. Weeks stated that his trial counsel "was pretty confident that that [the juror issue] was a significant trial issue that could potentially result in a new trial, and he did not want me to testify at that time, to put any statements on the record." Additionally, Weeks noted another issue was that, during opening statements, the State improperly implied that Weeks would testify on his own behalf. Weeks's counsel immediately objected and requested a mistrial, which the trial court denied. Based upon his trial counsel's advice, Weeks did not testify.

One point not contested was that Weeks always admitted he sexually abused the child. Instead, Weeks maintains that if he had testified at the trial, he would have said that none of the sexual abuse occurred until the victim was twelve years old, thereby potentially avoiding convictions for second-degree sexual abuse. Because the district court ran Weeks's sentences for second-degree and third-degree sexual abuse concurrently, in Weeks's view, not testifying in his own defense "amounted to 15 years' difference in incarceration."

Weeks appealed the convictions and sentences. A panel of our court affirmed his convictions on appeal. *State v. Weeks*, No. 13-1231, 2014 WL 5243359, at *1 (Iowa Ct. App. Oct. 15, 2014). Weeks did not challenge the juror concern in the direct appeal, nor did he address the decision not to testify.

In December 2017, Weeks filed a pro se PCR application, and once PCR counsel was appointed, he amended it to add additional grounds. In September 2024, the district court held a PCR trial. Weeks raised several

3

failures of his trial counsel, but on appeal he narrows the focus to his trial counsel's failure to call Weeks as a witness as a part of the trial strategy. At the PCR trial, Weeks stated that his testimony would have been useful to explain the child's "scattered memories" and that the child was "forgetful." But he did admit he was guilty of all incidents of sexual abuse "that occurred from mid-2010 forward" against the child. He also confirmed that the trial judge provided a full colloquy that the choice not to testify was his alone, although influenced by the "strong" advice of his trial counsel, and his belief that he was getting a new trial if the case was appealed. The PCR court found:

> Weeks went through the appropriate colloquy with the judge, understood that the choice to testify was his and his alone, and did not indicate that anyone was pressuring him to testify against his will. Without more evidence, the Court cannot find that trial counsel's advice not to testify was a breach of an essential duty—in fact, it may well have been prudent. And Weeks also failed to show that the probability of a different result is sufficient to undermine confidence in the outcome. Therefore, the Court DENIES PCR on this ground.

After the court denied his PCR application, Weeks filed this appeal.

## II. Standard of Review.

Typically, we review PCR proceedings for correction of errors at law, but "we review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## III. Analysis.

On appeal, Weeks argues that his counsel was ineffective for encouraging him not to testify. Particularly, Weeks contends he would have testified to give context to the timeline of the sexual abuse such that the jury

4

would not have convicted him of the two charges of sexual abuse of a child under the age of twelve. *See* Iowa Code § 709.3(1)(b). To prevail on an ineffective-assistance-of-counsel claim, "the appellant must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted." *State v. Lane*, 726 N.W.2d 371, 393 (Iowa 2007). If an applicant "fails to establish either of these elements, we need not address the remaining element." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016) (cleaned up).

"Under the first prong, we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (cleaned up). "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). In reviewing counsel's performance "we avoid second-guessing and hindsight" but "[i]nstead, we scrutinize each claim in light of the totality of the circumstances." *Ledezma*, 626 N.W.2d at 142.

"Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Id.* at 143. "Generally, the advice provided by counsel is a matter of trial strategy and will not support a claim of ineffective assistance absent exceptional circumstances." *Id.* at 147. Counsel's strategy to advise the defendant not to testify can be reasonable assistance by counsel. *See Schrier v. State*, 347 N.W.2d 657, 663–64 (Iowa 1984). In *Schrier*, our supreme court found no ineffective assistance of counsel when trial counsel recommended that the defendant not testify, the defendant followed that recommendation, and the defendant's decision to not testify was "more than silent acquiescence." *Id.* at 664. There, trial counsel's choice not to jeopardize a reasonably believed acquittal was a trial strategy and thus, not a basis for relief. *Id.*

While Weeks's trial counsel did not participate in the PCR proceedings,[1] the underlying trial transcript reflects the detailed colloquy that occurred with the trial court. It included trial counsel's statements about Weeks's decision not to testify:

> DEFENSE COUNSEL: I have discussed that issue with Mr. Weeks. We've talked about it since the inception of the case. We've talked about it given the different variables that might happen in the case. We've talked about it over the course of the last several weeks. We talked about it now every night as the case came in.
>
> . . . .
>
> He's made his thoughts available to me and I've understood those. I have counseled him and given him my recommendation; however, at this time I'm going to ask Eric: What's your choice? Do you want to testify or not? And I would ask you if anybody's forcing you or pressuring you.
>
> WEEKS: No, nobody forced me. I will not.

After his trial counsel discussed Weeks's decision of whether to testify, the trial court further engaged in a colloquy with Weeks assuring that the decision not to testify was Weeks's decision and that Weeks understood his decision and the ramifications. Weeks affirmed the decision was his alone and that he "had an adequate opportunity to discuss this decision with [his] attorney." At his PCR trial, Weeks testified that his trial counsel advised him not to testify because his trial counsel believed that there would be a new trial and did not want Weeks to put statements on the record.

Trial counsel reasonably believed that Weeks would prevail on appeal and receive a new trial based on the juror issue and did not want Weeks to make statements on the record that could potentially be used against him going forward. This was a reasonable trial strategy. We note that "a new trial

---

[1] Trial counsel was deceased at the time of the PCR trial.

cannot be granted because of a hindsight determination that [Weeks's] testimony might have been helpful." *Id.* Given Weeks's own testimony that his trial counsel believed not testifying was the best strategy to move forward, he advised Weeks accordingly, and Weeks agreed with this advice, we find that Weeks has failed to show that his trial counsel failed to perform an essential duty. Weeks could not prove the first prong of ineffective assistance and his claim fails.

### IV. Conclusion.

Weeks failed to establish that his counsel did not perform an essential duty, and thus, his ineffective-assistance-of-counsel claim fails. We affirm the PCR court's denial of his application.

**AFFIRMED.**